The opinion of the Court was delivered by
Johnston, Ch.
If the fees provided by law for services on the part of officers of this Court, do not remunerate them, or if there is an omission in the statutes to annex compensation to some duties to be performed, though the temptation may be strong, in such cases, to eke out the compensation by resorting to strained construction, the Court, though it cannot be insensible to the hardship of the case, is solemnly bound to restrain the abuse. There is no compensation allowed independently of that which is provided by statute; and the party laying claim to costs must lay his finger on some statutory provision, expressly or by necessary implication, allowing them.
In this case exception is taken to charges by the solicitors for attending before the commissioner to take the testimony; which was taken under the statute of 1830, 6 Stat., 411.
The statute of 1827, 6 Stat., 333, expressly declares, “That every officer herein named, shall charge and receive, for the discharge of the various duties of his office, the fees hereinafter particularly recited, and no others; and that for all services not hereinafter specifically recited, the said officers shall not be entitled to any fee, but the said services, so omitted in this Act, shall be taken and understood as incidental to others for which fees are charged;” and “ That all Acts, or parts of Acts, in relation to fees of any of the officers hereinafter named, be, and the same are hereby, repealed ; and that this Act shall be taken and considered as the only Act in force in relation to the fees of the officers hereinafter recited.”
*4 The only items in this fee-bill, relied on to sustain the charge of the solicitors in this case, are the following: “complainants’ solicitors” — “each day attending before commissioner, on reference, five dollars” — and, “ defendants’ solicitors” — “each day’s attendance, on reference, before commissioner, five dollars.”
Was the proceeding under the Act of 1830, a reference, in the sense of the Act of 1827?
That Act, 6 Stat., 411, provides, that either party to a suit in equity, shall have the right, upon giving the adverse party, his solicitor or agent, ten days’ notice, to examine any witness, or witnesses, before the master or commissioner in equity of the district; whose duty it shall be, upon the application of the party, desiring the examination, his solicitor or agent, to issue a writ of subpoena for such witnesses; and upon their coming before him, to commit their testimony, given on oath, to writing, each party having the right of cross-examination and exception to the admissibility of testimony : and the master, or commissioner, shall certify such examination and testimony to the Court, to be read in evidence upon the trial; and, for this service, he shall be paid by the copy-sheet.
It may be convenient here to proceed with the further provisions of this statute, so far as it may be applied to this case. It further enacts, that on an application by a party to examine witnesses, the master, or commissioner, shall appoint a day for the purpose, and cause the adverse party to be notified.
The Court perceives no feature of a reference in such proceeding; and, therefore, cannot sustain the solicitors’ charges for attending on a reference. There may be, and is, much difficulty in defining the meaning of this term. But in theory of law, it always implies that the matter referred has been before the Court, and com.es from the Court to its commissioner : and this is the true idea, even in cases where the *5 Legislature has authorized the commissioner to grant orders of reference. He grants them in the place of the Court.
It would never enter into the mind of any one, witnessing the examination of witnesses on a trial in Court, that the proceeding constituted a reference. Neither does the examination of them out of Court and before the commissioner, unless some matter has been referred to the commissioner, as the subject of the examination; such as to inquire into certain facts, or points of inquiry, and report the result, with the testimony, &c.
I should say, that were the Court to order the commissioner to take the testimony, generally, in a cause, preparatory to a hearing, this would no more be a reference, as understood in the practice of this Court, than an examination by other persons under a commission.
The Legislature has, in the Act of 1830, directed the mode in which testimony may be taken, and constituted the commissioner an agent-to take it, as it might have constituted the sheriff, ordinary, or any other officer or person. This is the scope of the Act: and, though it would have been very proper, to have provided compensation to solicitors in such case, this case does not fall within the provision upon which they rely. The objection is, therefore, sustained.
Another charge of solicitors objected to, is attendance upon “ a reference to tax costs.” This relates to the taxation of costs by the commissioner of Barnwell. The parties by solicitor, laid before him their bill of costs, and supported them against objection. But this was no reference, and the solicitors are not entitled to the charge.
It is different under the order of Chancellor Dargan, referring these matters to the commissioner of Richland. This was a reference in its proper sense; and the charge is proper.
This objection is, therefore, sustained as to the original taxation by the commissioner of Barnwell; but overruled as it relates to the investigation before the commissioner of Rich-land.
*6 Another objection is to charges for amount paid for copies of the opinion of the Court of Appeals. In Pinchback vs. McCraven, 1 Hill Ch., 413, it was held that a charge for money expended for a copy of an appeal opinion, when such opinion was necessary to the party who got it, was allowable. In that case, the necessity for the copy arose out of peculiar circumstances. In this case, the bill was dismissed on circuit, and upon appeal the decree was affirmed.
In general, such opinion could be valuable to the party who procured it, only for its reasoning; or to guide that party in some ulterior proceeding. But it might, possibly, be of use, in defining and explaining, the circuit judgment: and should, for such purpose, be filed in the Circuit Court as part of the record. Of course, when that would be proper, only one copy would be necessary.
With these instructions, the poiut must be recommitted. If a copy was necessary, is should be allowed — not as costs to counsel, but as expenses. Unless a copy was necessary, it would have been sufficient to file the certificate of the clerk of the Appeal Court, of the result, which, by the Act of 1832, 7 Stat., 332, § vi, that officer is bound to transmit free of charge.
Another objection is, to charge of counsel for arguments in the Circuit and Appeal Courts. It is not necessary to discuss a matter so plain. The fee-bill of 1827, expressly allows the charge made. The arguments were made; and were made in conformity to the regular and settled practi 'e of the Courts in which the matter was adjudicated. If more 'than the proper number of counsel was heard — which was not the case — or if counsel were heard, who were not entitled to be heard, the point was open for objection at the time; and we have a right to suppose, if mo objection was made, the proceeding was not objectionable; or was allowed by consent of the party now objecting. This objection is overruled.
So far for the solicitors. We come now to the fees of the commissioner.
*7 The first charge objected to, is for “seventeen days engaged in reference to take testimony.”
It has been already decided that this was no reference; and the charge is not allowable on that ground. The objection is, therefore, sustained.
The next charge objected to is, “witnesses each day sworn, $17.” That is $1 per day for swearing witnesses on the “ reference” to take testimony, which lasted seventeen days.
The Act of 1827 allows the commissioner for “ swearing all the witnesses on reference before him, or on trial in court, $1.” The charge must, therefore, be cut down to $1; and to that extent the objection is sustained. It has been contended, indeed, that as this was a proceeding under the Act of 1830, even this sum should not be allowed. The argument is based upon the declaration of that Act, that “for this service the said master or commissioner shall be paid by the copy-sheet;” from which it has been inferred that this provision is intended as a compensation for all the services rendered by commissioners under that Act. But the collocation of the words of the statute, as well as the apportionment of the compensation to the writing done, shows that the provision was intended to be confined to the duty of “certifying snch examination and testimony to the Court, to be read in evidence on the trial of the cause:” for which “ service the said master, or commissioner, shall be paid by the copy-sheet.”
The next objection is to the charge of “ eighty-seven summons, at thirty-seven and a half cents each, $32 62.”
The Act of 1830, in its second section, makes it the duty of the commissioner, on the application of a party to examine his witnesses, to appoint a day, and “cause the-adverse party to be notified.” This, I suppose, is to be done by issuing a summons, to be lodged by the applying party with the sheriff to b.e served. This service does not come within that for which he is to be paid by the copy-sheet. The Act of 1827 allows him, “ for every summons, thirty-seven and a half *8 cents.” This would seem to he a sufficient warrant for summoning the adverse party, in this case; but as there were not eighty-seven adverse parties, it seems hardly possible to sustain this charge for the full amount. It has been argued that as the “references” were continued from day to day, for seventeen days, the commissioner was obliged to summon the parties, whom the Act requires him to notify, from day to day; and so such parties might be summoned several times. That depends on circumstances. If, at an adjournment, no day could be appointed for the next meeting, and the commissioner was compelled to issue his summons for that purpose, and did issue it, (for charges are not intended for services not rendered,) such charge is allowable. Otherwise it cannot be sustained. This point will be left for investigation when the report is recommitted.
The next objection is to the charge for “ reporting testimony, |3.”
This service is included in the provision of the statute of 1830, to be compensated by copy-sheet; and the objection is sustained.
The last objection is to a charge “ for copying circuit decree,” $>5 37. When the bill was dismissed, and an appeal was taken, this copy was called for by appellee’s counsel. (Pinchback vs. McCraven, 1 Hill Ch., 413.) It would seem to be necessary for him, in order to prepare himself to sustain the decree. The objection is overruled.
It is ordered that the decree be modified according to the foregoing opinion; and let the cause be remanded to the circuit, and the report be recommitted to Mr. Commissioner Pearson.
Dunkin and Wardlaw, CC., concurred.

Decree modified.